**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**NAKIE HARRIS,**

      **Petitioner,**

**v.**
                                    **Civil Action No. 1:15cv64**
                                      **(Judge Keeley)**

**LEONARD ODDO,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On April 13, 2015, the *pro se* Petitioner, an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition under 28 U.S.C. § 2241, challenging his sentence which was imposed in the United States District Court for the District of Maryland. Along with his petition, he filed a motion to proceed as a pauper and a copy of his Prisoner Trust Account Report. By Order entered April 24, 2015, Petitioner's motion to proceed as a pauper was granted, but he was directed to pay the $5.00 filing fee. He paid the required fee on May 1, 2015. This matter is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition and this civil action for lack of jurisdiction.

## I. Factual and Procedural History[1]

At around 1:40 a.m. on January 15, 2005, in Baltimore, Maryland, Petitioner and six co-defendants, some of whom were drug dealers, worked for drug dealers, or were

---

[1] This statements of fact taken from this section primarily are taken from a Report and Recommendation entered by Magistrate Judge Joel on April 30, 2013, in a §2241 petition previously filed by Petitioner. An Order to Answer was entered in that case and exhibits were tendered. See 2:12cv73-JPB-DJJ.

members of the "Bloods" gang,[2] firebombed the occupied home of Edna McAbier, a neighborhood activist, as another act in retaliation[3] for her repeated reporting to local law enforcement the increasing drug and gang activity in her neighborhood. Three Molotov cocktails were hurled at McAbier's front door, and three at her back door, evincing a clear intent to block her escape from the intended conflagration and to murder her.[4] Fortunately, McAbier was awake, called 911, and escaped without injury. An ensuing investigation revealed the Molotov cocktails on and around her home, which was scorched, but not destroyed.[5]

On December 13, 2005, after a seven-day jury trial with two of his co-defendants in the District Court of Maryland, Petitioner was convicted of six counts of a six-count superseding indictment: Count One, conspiracy to witness tampering, in violation of 18 U.S.C. § 371; Count Two, witness tampering, aiding and abetting, in violation of 18 U.S.C. 1512(a)(2)(C); Count Three, aiding and abetting witness tampering, in violation of 18 U.S.C. §1512(a)(1)(C); Count Four, use of a firearm in a crime of violence, aiding and abetting, in violation of 18 U.S.C. §924(c); Count Five, using fire and explosives in a felony, aiding and abetting, in violation of 18 U.S.C. §844(h)(1); and Count Six, making firearms, aiding and abetting, in violation of 26 U.S.C. §5861(f).   On February 3, 2006,

---

[2] The "Bloods" gang made their money selling illegal drugs.  United States v. Smith, 2012 WL 1145864 *1 (D. Md. April 2, 2012).

[3] Beginning in 2003, McAbier's door was spray-painted; her steps were urinated on; her flowers were torn up; food was thrown on her car; her car was scratched and marked with magic markers; her tires were slashed; and someone scratched the word "bitch" on the trunk of her car.  In response, marked police cars were repeatedly sent to her home.   United States v. Smith, 2012 WL 1145864 *1 (D. Md. April 2, 2012).

[4] United States v. Smith, 344 Fed. Appx. 856, 2009 U.S. App. LEXIS 20797 *6 (Sep. 18, 2009).

[5] United States v. Smith, 2012 WL 1145864 *1 (D. Md. April 2, 2012).

Petitioner was sentenced to 60 months imprisonment on Count One, to run concurrently with Counts Two, Three and Six; 240 months imprisonment on Count Three, to run concurrently with Counts One Two and Six; 360 months imprisonment on Count Four, to run consecutively to the sentences on Counts One, Two, Three and Six; 120 months imprisonment on Count Five, to run consecutive to all other counts, and 120 months as to Count Six, to run concurrently with Counts One, Two and Three, for a total term of 720 months imprisonment, and a 3-year term of supervised release as to all counts, to run concurrently with each other.  Petitioner was also assessed $600.00.[6]

Petitioner filed a timely notice of appeal.  On appeal, his petition was consolidated with those of the two co-defendants from trial. On August 22, 2007, by published opinion, the Fourth Circuit Court of Appeals affirmed in part and vacated in part[7] the district court's judgment.[8]  Subsequently, Petitioner filed a petition for rehearing *en banc*, which was denied on September 18, 2007.[9]  Petitioner then filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on March 24, 2008.[10]

---

[6] (D. Md. Dkt.# 184)(1:05cr61).

[7] The case of one co-defendant was remanded for re-sentencing.

[8] United States v. Harris, 498 F.3d 278 (4th Cir. 2007), *abrogated by* United States v. Ramos-Cruz, 667 F.3d 487 (4th Cir. 2012); *overruled by* United States v. Wainwright, 789 F.Supp. 2d. 699, 700 (E.D. Va. 2011).

[9] (4th Cir. Dkt.# 107 and 113)(06-4232).

[10] (4th Cir. Dkt.# 116)(06-4232).

On February 12, 2009, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court.[11]  By Order entered September 24, 2009,[12]  Petitioner's motion to vacate was denied.[13] Petitioner appealed to the Fourth Circuit Court of Appeals; on November 19, 2010, by unpublished *per curiam* opinion, the appeal was denied.[14]  On January 7, 2011, Petitioner filed a motion for rehearing and rehearing *en banc*; the Fourth Circuit denied the motion on January 25, 2011.[15]  On April 25, 2011, Petitioner filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on October 3, 2011.[16]

On March 6, 2012, Petitioner filed a motion in the Fourth Circuit Court of Appeals for authorization to file a successive 28 U.S.C. §2255 habeas corpus petition, pursuant to 28 U.S.C. §2244, in the Fourth Circuit Court of Appeals, raising the same claim he

---

[11] (D. Md. Dkt.# 285)(1:05cr61).

[12] (D. Md. Dkt.# 327)(1:05cr61).

[13] On October 26, 2009, the sentencing court docketed a letter from Petitioner inquiring as to the status of a "Rule 60(6) motion" he claimed to have filed there.  (D. Md. Dkt.# 334)(1:05cr61). Because no such motion had been filed, by Order entered November 3, 2009, in an attempt to liberally construe Petitioner's inquiry, the court considered, then declined to issue a certificate of appealability on Petitioner's recently-denied 2255 motion, and advised that it had no record of a Rule 60(b)(6) motion having been filed. (D. Md. Dkt.# 335)(1:05cr61).  On November 16, 2009, Petitioner filed a "Motion for a Rule 60(b)(6) Based on the District Court Defect in the Integrity on [sic] Federal Habeas Proceedings;" it was denied by Order entered November 24, 2009. (D. Md. Dkt.# 338 and 341)(1:05cr61).  Subsequently, on January 5, 2010, Petitioner filed a second "Motion for a Rule 60(b)(6) Based on the District Court Defect in the Integrity on [sic] Federal Habeas Proceedings," identical to the first; it was denied by Order entered the same day. (D. Md. Dkt.# 346 and 347)(1:05cr61).

[14] (4th Cir. Dkt.# 18)(09-8181).

[15] (4th Cir. Dkt.# 25 and 26)(09-8181).

[16] (4th Cir. Dkt.# 30 and 31)(09-8181).

raises in Ground One here; the motion was denied on March 15, 2012.[17]  Petitioner filed

a motion for rehearing and rehearing *en banc* on March 27, 2012, which was denied the

same day.[18]

On April 16, 2012, Petitioner filed a Motion to Correct Sentence in the sentencing

court, raising the same issues raised in the instant §2241 petition; the motion was

denied by Order entered April 27, 2012.[19]

Currently pending in the District of Maryland, is the Petitioner's § 2255 Motion

seeking relief under Johnson v. United States, 135 S.Ct. 2551 (2015) The petition was

filed by counsel on June 1, 2016, after the Fourth Circuit Court of Appeals granted

Petitioner permission to a file a second or successive § 2255 motion.

## II. Issues Presented

**The Petition**

In his current § 2241 habeas, the Petitioner alleges that he is actually innocent of

his conviction under 18 U.S.C. § 924(c)(1)(B)(ii).   More specifically, relying on the

decision in United States v. O'Brien[20], 560 U.S. 218 (2010), Petitioner maintains that the

trial court improperly enhanced his sentence above the five year mandatory minimum

after finding that the firearm at issue was a "destructive device." Petitioner argues that

prescribed range of penalties to which a criminal defendant is exposed is an element of

---

[17] (4th Cir. Dkt.# 2 and 4)(12-144).

[18] (4th Cir. Dkt.# 5 and 6)(12-144).

[19] (D. Md. Dkt.# 411 and 413)(1:05cr61).

[20] O'Brien interpreted 18 U.S.C. § 924©(10(B), which imposes a 30-year minimum sentence if a firearm used in a drug trafficking or violent crime is a machine gun, and held that whether a firearm is a machine gun is an offense element to be proved beyond a reasonable doubt. Obrien. 560 U.S. at 234.

a crime to be charged in the indictment and proven to a jury beyond a reasonable doubt.

Petitioner also relies on the Joint Motion to Remand which was filed in Persaud v. United States, 134 S.Ct. 1023 (2014). The Petitioner maintains that the Solicitor General, in the joint motion, concluded that Persaud could use a § 2241 to have his sentence vacated. Accordingly, for relief, Petitioner requests that this Court vacate the sentence imposed on Court Four, the 924(c) count and resentence him to the five year minimum.

### III. <u>STANDARD OF REVIEW</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of

Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## IV. Analysis

In general, a Section 2241 petition attacks the manner in which a sentence is executed, see 28 U.S.C. § 2241(a), while a Section 2255 motion challenges the validity of a conviction or sentence. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 Petition, under the "savings clause" of Section 2255. Section 2225 of Title 28 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention.**

28 U.S.C. § 2255(e) (emphasis added). The circuits are split on whether the savings clause is applicable to challenges to allegedly unlawful sentences, or only to allegedly unlawful convictions. Compare Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same) with McCarthan v. Dir. Of Goodwill Indus.-Suncoast Inc., 851 F.3d 1076, 1092 (11th Cir. 2017) (finding the savings clause applicable only to "claims that are not cognizable or that cannot be remedied under section 2255") and In re Bradford, 600 F.3d 226, 230

(5th Cir. 2011) (finding the savings clause applicable only to claims of actual innocence).

The Fourth Circuit has set forth the following test to determine whether Section 2255 is inadequate and ineffective to test the legality of a conviction:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is **deemed not to be crimina**l; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34 (emphasis added). Jones, however, addressed only when § 2255 is inadequate and ineffective to test the legality of a conviction, and did not expressly consider whether the savings clause could apply to sentencing challenges.

However, in subsequent cases, the Fourth Circuit has not extended the reach of the savings clause to include those Petitioners challenging only their sentence. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013).

Furthermore, to the extent the Petitioner argues that the United States Supreme Court in Persaud permits him to challenge his sentencing enhancement, his reliance is misplaced. Even after the Supreme Court's remand in Persaud, the Fourth Circuit has subsequently held that a Petitioner could not challenge a sentencing enhancement through a § 2241 petition. See Rouse v. Wilson, No. 14-6715, 2014 WL 482367, at 1 (4th Cir. Sept. 23, 2014) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241.") Consequently, the Petitioner has not demonstrated that §2255 is an inadequate or

ineffective remedy, because he cannot show that the conduct for which he was **convicted** has been deemed not criminal, and he is procedurally barred from pursuing this § 2241 petition challenging his enhanced sentence.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED**.

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to Irene M. Keeley, United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 10, 2017

*/s Michael John Aloi*
MCHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE